**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 05-cv-01811-REB-PAC

RALPH BERNAL,
CAROLYN BIGNALL,
PATRICK NASH,
BARBARA IANDOLA,
GREGORY REYNOLDS, and
JANE ESQUIBEL,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
FRATERNAL ORDER OF POLICE, DENVER SHERIFFS DEPARTMENT LODGE #27, and
C.W. DENOVELLIS,

Defendants.

---

**ORDER RE: MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(C) AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

---

**Blackburn, J.**

The matter before me is defendant the City and County of Denver's **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(c) and Motion for Sanctions Pursuant to 28 U.S.C. § 1927 With Supporting Legal Authority** [#21], filed March 24, 2006. I grant the motion to dismiss in part, deny the motion for sanctions, and remand this case to the state district court from which it was removed.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

"A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." **Mock v. T.G. & Y. Stores Co.**, 971 F.2d 522, 528 (10th Cir. 1992).  I therefore must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief.  **See Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

## III. ANALYSIS

Plaintiffs in this case are current and former Denver County deputy sheriffs who supported a rival union in its bid to become the collective bargaining agent for the deputy sheriffs.  Defendant Fraternal Order of Police, Denver Sheriffs Department Lodge #27 ("FOP") was the collective bargaining agent at all times relevant to the

complaint.  Defendant C.W. DeNovellis was the Secretary of FOP.

On January 12, 2004, FOP and DeNovellis issued a letter to "All Denver Sheriff Bargaining Unit Employees," intended to urge recipients to vote for the FOP.  The letter referred to plaintiffs, who were listed by name, as "uneducated," "ignorant," and the "dregs" of the department, and accused them of corruption and lies.  It further characterized plaintiffs as a "cancer" within the department which should be "cut out and removed for good."  Plaintiffs allege that the City "permitted the FOP and DeNovellis to disseminate this information without consequence, contrary to policy and order."  They further contend that the city failed to take action against FOP and DeNovellis after DeNovellis, while on duty and carrying a gun, disrupted a union meeting by making implied and explicit threats to the attendees.

In this lawsuit, plaintiffs allege that the City's actions deprived them of their First Amendment rights to free speech and association.  They also assert a cause of action against the City under sections 8-2-101 and 8-2-102, C.R.S., which protect employees' right to form labor unions.  The City now seeks to dismiss these causes of action for failure to state claims on which relief may be granted.  It also seeks sanctions against plaintiffs under 28 U.S.C. § 1927.

Because there is no *respondeat superior* liability under section 1983, in order to hold the City liable, plaintiffs must establish that an official policy or custom was the moving force behind the alleged violation of their constitutional rights.  **Monell v. Department of Social Services of the City of New York**, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978); **Barney v. Pulsipher**, 143 F.3d 1299,

1307 & n.4 (10th Cir. 1998).  Plaintiffs' complaint clearly fails to allege the existence of such a policy or custom.  Indeed, the complaint explicitly states that the City's failure to take action against the FOP and DeNovellis was *contrary* to official policy.  (Complaint at 4, ¶¶ 16 & 18.)  The complaint therefore does not adequately assert a cause of action under section 1983.

Plaintiffs' section 1983 claim is the only federal claim in this lawsuit and the only basis alleged to support removal jurisdiction.  When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims.  **United States v. Botefuhr**, 309 F.3d 1263, 1273 (10th Cir. 2002).  I find it appropriate to do so here, and thus will remand the remainder of this case to the Denver County district court from which it was removed.  This determination pretermits consideration of the City's motion to dismiss plaintiffs' claims under sections 8-2-101 and 8-2-102, C.R.S.

Finally, I deny the City's motion for sanctions under 28 U.S.C. § 1927.  The City's contention appears to be that plaintiffs should never have brought this lawsuit because they know the allegation that the City took no action against FOP and DeNovellis is false.  There are at least two problems with this argument.  First, because section 1927 prohibits only an unreasonable multiplication of the proceedings, a party cannot be sanctioned under that statute merely for filing a complaint.  **See In re Keegan Management Co. Securities Litigation**, 78 F.3d 431, 435 (9th Cir. 1996).  Second, section 1927 does not apply to actions taken in state court, but only to a party's actions within the federal system.  **See Steffens v. Steffens**, 2000 WL 702390 at *4 (10th Cir.

May 26, 2000). The City does not identify any actions taken by plaintiffs in federal court which might be considered as vexatious or unreasonable. Indeed, the City has made no effort to substantiate its contention that plaintiffs have filed this lawsuit knowing their allegations to be false. For all these reasons, the City's motion for sanctions will be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the City and County of Denver's **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(c) and Motion for Sanctions Pursuant to 28 U.S.C. § 1927 With Supporting Legal Authority** [#21], filed March 24, 2006, is **GRANTED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiffs' First Claim For Relief under 42 U.S.C. § 1983, and that claim is **DISMISSED WITHOUT PREJUDICE**;

3. That the motion is in all other respects, **DENIED**; and

4. That this case is **REMANDED** to the District Court of Denver County, Colorado (Case Number 04CV1018).

Dated April 20, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**